

# NUMBER 13-21-00249-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SHELLEY THOMSON, ACTING BY AND
THROUGH SELENE SMITH, AS NEXT
FRIEND, AND PHILIP M. ROSS,
INDIVIDUALLY AND AS TRUSTEE OF
THE SHELLEY THOMSON TRUST,                            Appellants,

v.

TEXAS HEALTH AND HUMAN
SERVICES COMMISSION,                                  Appellee.

## On appeal from the County Court at Law No. 2
of Comal County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva**
**Memorandum Opinion by Justice Hinojosa**

Selene Smith and Philip Ross, individually "and/or" as attorney for Shelly

Thomson, attempt to appeal three orders issued by the trial court in this guardianship

proceeding. We dismiss the appeal.[1]

This is the sixth appeal filed by Ross from the underlying cause—purportedly representing Thomson, himself, or others. We adopt the following background facts from our earlier memorandum opinion:

> The trial court appointed appellee the Texas Health & Human Services Commission (the Commission) Thomson's permanent guardian on May 23, 2019, after conducting a hearing regarding Thomson's health issues. On June 17, 2019, Ross, an attorney seeking to represent Thomson in these guardianship proceedings, filed a notice of appearance, asserting that Thomson had hired him to represent her in this matter and a verified motion for temporary restraining order and temporary injunction. Ross requested that the trial court issue an injunction allowing Thomson to access "her home, income, automobile and her personal property, to prevent interference with her normal daily activities by her guardian, and to have the fullest access to supports and services in the social settings that she prefers in order to fully exercise her rights to health maintenance and restoration." Ross also requested that the trial court grant a temporary injunction to allow Thomson to, among other things, choose her attorney.

> On June 20, 2019, Ross filed a motion for new trial and/or reconsideration on behalf of Thomson requesting an independent medical exam and for the trial court to set aside its May 23 order. In the motion, Ross argued, among other things, that there was no evidence to support the trial court's determination that Thomson lacked capacity, the Commission was violating her rights, and she had been misdiagnosed by the doctor who found her to be incompetent.

> . . . .

> On July 1, 2019, pursuant to rule 12, the Commission filed a motion to show authority alleging that Thomson lacked capacity to hire Ross as her attorney and requesting that the trial court strike Ross's June 17 pleadings. *See* TEX. R. CIV. P. 12. The Commission requested a hearing so that Ross could appear and show his authority to serve as Thomson's attorney. Ross filed a reply to the motion to show authority. The trial court granted the Commission's motion in part on July 17, 2019 [based on a determination that Thomson lacked the capacity to enter a contract]. Specifically, the trial court ordered "that until such time as an attorney-client contract is submitted

---

[1] This case was transferred from the Third Court of Appeals in Austin to this Court pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

and approved by the Court, the Court finds the current attorney-client contact void." However, the trial court did not strike Ross's pleadings. Instead, it construed them as a complaint and considered the merits. . . . On August 19, 2019, the trial court denied Ross's complaint.

*In re Guardianship of Shelley Thomson*, No. 13-19-00517-CV, 2021 WL 265372, at *1–2 (Tex. App.—Corpus Christi Jan. 21, 2021, no pet.) (mem. op.) (footnotes omitted).

In appellate cause number 13-20-00379-CV, we concluded that the attempted appeal of the July 17 order on the motion to show authority was not a final appealable order. *See In the Guardianship of Thomson,* No. 13-20-00379-CV, 2021 WL 266611, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 21, 2021, no pet.) (mem. op.). In appellate cause number 13-20-00380-CV, we concluded that Ross's attempt to appeal the August 19 order was untimely. *See In the Guardianship of Thomson*, No. 13-20-00380-CV, 2021 WL 266611, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 21, 2021, no pet.) (mem. op.). We have previously dismissed an appeal filed by Ross as attorney for Smith because Smith was not a party in the guardianship proceeding. *In Guardianship of Thomson*, No. 13-20-00381-CV, 2021 WL 265357, at *2 (Tex. App.—Corpus Christi Jan. 21, 2021, no pet.) (mem. op.).

On May 10, 2021, the trial court signed an order granting the Commission's application to withdraw funds and to purchase prepaid funeral benefits. On June 3, 2021, the trial court signed two separate orders striking and/or dismissing various pleadings filed by Ross, as the purported attorney for Thomson. The trial court ordered that Thomson cease presenting himself as the attorney for Thomson.

In the present case, Ross and Smith attempt to appeal the trial court's May 10 and June 3, 2021 orders. On September 1, 2021, we notified Ross and Smith that it appeared

3

they were appealing an order which was not a final appealable order and that the appeal was subject to dismissal for want of jurisdiction. *See* Tᴇx. R. Aᴘᴘ. P. 42.3. We provided Ross and Smith ten days to cure the defect. On September 13, 2021, we further notified Ross and Smith that their notice of appeal was defective for failure to comply with rule of appellate procedure 25.1, which permits only parties to file a notice of appeal. *See Id*. R. 25.1; *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) (providing that only parties of record may appeal a trial court's judgment). We again provided ten days for Ross and Smith to cure the defect. Ross and Smith have filed a response to both defect notices. However, the defects have not been cured.

We first note that neither Ross nor Smith are parties to these orders, and we have previously dismissed an appeal from the trial court's order determining that Ross does not represent Thomson as her attorney. Further, the trial court's order striking pleadings did not conclude a discrete phase of the guardianship proceeding; therefore, the order was interlocutory and not appealable. *See In re Guardianship of Thrash*, 610 S.W.3d 74, 78 (Tex. App.—San Antonio 2020, pet. denied). Because both defects concern our jurisdiction over the appeal, we dismiss the appeal for want of jurisdiction. *See State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015) (explaining that standing to appeal is a component of subject-matter jurisdiction); *Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001) (explaining that a party may only appeal a final judgment absent a statute allowing an interlocutory appeal). Having dismissed the appeal, no motion for rehearing will be entertained, and our mandate will issue forthwith. We further dismiss all pending motions for want of jurisdiction.

LETICIA HINOJOSA
Justice

Delivered and filed on the
14th day of October, 2021.